PER CURIAM.
This cause is before us on an interlocutory matter concerning the stay of appellant’s license to practice medicine. The purpose for this opinion is to point out the operation of Section 120.68(3), Florida Statutes, so frequently overlooked in licensing proceedings, and to emphasize the need for the licensing agency to immediately address the question of stay prior to or at the time of filing the notice of appeal.
On August 23, 1985, an order was entered staying the revocation of appellant’s license to practice medicine, without prejudice to the agency’s right to petition this court pursuant to Section 120.68(3), Florida Statutes. That statute provides, in pertinent part:
(3) The filing of the petition does not itself stay enforcement of the agency decision, but if the agency decision has the effect of suspending or revoking a license, supersedeas shall be granted as *376 a matter of right upon such conditions as are reasonable, unless the court, upon petition of the agency, determines that a supersedeas would constitute a probable danger to the health, safety, or welfare of the state....
The August 23 order was entered because the statute provides for a stay as a matter of right unless the agency petitions the court to determine that a supersedeas would constitute a probable danger to the health, safety, or welfare of the state. At the time our order was entered, no such petition had been filed. After entry of the order, the agency filed the present petition, which contains ample justification[1] for a determination that a stay of the revocation order will constitute a probable danger to the health, safety, and welfare of the state.
Had the agency filed the present petition promptly after the filing of the notice of appeal, the court would not have felt compelled to enter the stay at all. The statute clearly places the onus on the agency to present to the court sufficient documentation to overcome the “stay as a matter of right” provision. Thus, the agency need not and, in fact, should not wait until an appellant seeks the imposition of the stay provision to petition the court when the agency is convinced, as it properly was here, that a stay will endanger the health, safety, or welfare of the state.
The petition in opposition to stay is granted, and the stay imposed by the order of this court dated August 23, 1985, is hereby dissolved.
Accordingly, the revocation of appellant’s license to practice medicine is not stayed during the pendency of this appeal, and the cause will now proceed in this court to a determination on the merits of the appeal.
BOOTH, C.J., and MILLS and JOANOS, JJ., concur.

. The petition points out to the court the numerous findings of appellant’s acts of malpractice that are set out in the final order, which findings come to the court clothed in the presumption of correctness.