*464 ON MOTION TO STAY
PER CURIAM.
Appellant moves to stay an order revoking its alcoholic beverage license pending appeal of the revocation order. For reasons more fully expressed below, we grant the stay.
This cause commenced with a Notice to Show Cause alleging the violations described briefly below.
1. The corporate president and vice president made untrue statements on the license application; to wit: that there was no managerial contract in effect relative to the operation of the business.
2. That the Old Timer’s Lounge permitted a third person to receive profits from the sale of alcoholic beverages and to control the business operations without disclosing that third person’s interest.
3. That on one day certain the Lounge failed to maintain necessary dining room equipment (seating in chairs) for preparing full course meals.
See Chapters 559, 561, 562. After an informal hearing, the division entered its final order finding appellant guilty of all the alleged violations and revoking appellant’s license.
Appellant filed a timely notice of appeal and moved to stay the revocation order pursuant to section 120.68(3). That section provides:
(3) The filing of the Petition does not itself stay enforcement of the agency action. But if the agency decision has the effect of suspending or revoking a license, supersedeas shall be granted as a matter of right upon such conditions as are reasonable, unless the Court, upon petition of the agency, determines that a supersedeas would constitute a probable danger to the health, safety or welfare of the state ...
Because the division had not petitioned this court for a determination that the stay would constitute a probable danger to the health, safety or welfare of the state, an order directing appellee to show cause why the stay should not be granted was entered.
Relying on Iturralade v. Dept. of Professional Regulation, 482 So.2d 375 (Fla. 1st DCA 1985), the division asserts that the findings of violations in the final order are sufficient to warrant denial of the stay. Initially, we note that while the division purports to rely on Iturralade, it failed to comply with the express holding therein requiring the agency to take the initiative by petitioning this court when it determines that the stay as a matter of right provision of section 120.68(3) is not warranted. In any event, Iturralade does not hold that the mere recitation of the violations for which a licensee has been found guilty will always show a danger to the health, safety or welfare of the public. While there may be times, such as certain cases involving medical malpractice, when the findings of guilt will suffice, such is not always the case. To hold otherwise would permit denial of the stay in every instance, effectively nullifying the stay provision of section 120.68(3).
The findings in this case do not demonstrate a sufficient danger to the public to warrant the denial of the stay. Neither the final order nor the response to our show cause order contain explicit facts showing that the existence of the infractions are likely to cause harm to the public before the appeal can be concluded. When a doctor has been found guilty of numerous incidents of malpractice, it logically follows that his continued practice of medicine would pose immediate danger to the health, safety and welfare of the public. The same logical inference of immediacy does not flow from the fact that a licensed business has been operating under the control of an undisclosed third party and the business failed to have the requisite number of chairs available for dining required for its special license under section 561.-20(2)(a)3. Compare Anderson v. Department of Health and Rehabilitative Services, 482 So.2d 491 (Fla. 1st DCA 1986). As in Anderson, we find that the absence of additional facts showing in what manner *465 the violations demonstrate an immediate danger to the public precludes denial of the stay.
For the foregoing reasons, the appealed order is stayed until final disposition of this cause.
THOMPSON, ZEHMER and BAR-FIELD, JJ., concur.